IOWA STATE BANK, Appellee, v. HIMOTE IWED et al., Appellants.

**TRIAL:** Reopening Case—Belated Claim. The court is clearly within
1   its discretion in refusing to reopen a case in order that a belated
claim may be presented.

**GARNISHMENT:** Intervention—Evidence. Evidence reviewed, and
2   held to establish an intervener's claim to property sought to be
reached by an execution plaintiff, under garnishment.

*Appeal from Clarke District Court.*—HOMER A. FULLER, Judge.

OCTOBER 17, 1924.

THIS is a garnishment proceeding under execution upon a judgment held by the plaintiff against the defendant Himote Iwed. Susan Iwed, the wife of the execution defendant, intervened in the garnishment proceeding, and claimed to be the owner of the funds sought to be reached by garnishment. Trial

on her petition of intervention was had to the court without a jury, and judgment was entered for the execution plaintiff. The intervener has appealed. The execution defendant also appealed.—*Affirmed in part; reversed in part.*

*Temple & Temple* and *O. M. Slaymaker,* for appellants.

*M. R. Stansell,* for appellee.

EVANS, J.—The garnishee, Klattenberg, purchased of the execution defendant a certain heifer, and gave his check therefor to the amount of $60. The bank upon which the check was drawn was the execution plaintiff. At the same time, Wassom bought of the execution defendant certain hogs, and gave his check therefor upon the same bank. Immediately thereafter, the bank caused execution to be levied by garnishment of these check makers, and refused payment of the checks when they were presented. A trial was had upon the petition of intervention on the sole issue whether the intervener was the real owner of the property sold, and, therefore, the real owner of the purchase money. The trial court's finding was adverse to her, and a judgment was entered in favor of the execution plaintiff against the garnishees for the full amount of the purchase money. Five days thereafter, the intervener filed an application to set aside the order and to reopen the case for further testimony on the ground of surprise and oversight on her part. This application was resisted by the execution plaintiff. Upon the hearing thereon, the court received evidence, and thereafter denied the application. The appellant's complaint here is twofold:

1. That the judgment of the court upon the original submission was erroneous.

2. That the court erred in refusing to reopen the case upon application of the appellant.

We will dispose first of the second contention.

I. We reach the conclusion that the trial court was clearly within its discretion in refusing the application of the intervener to reopen the case. It was disclosed upon the hearing of

such application that the real purpose of the intervener was to set up a claim of exemption of the property to her husband, in the event that he was found to be the owner thereof. The execution defendant also joined in such claim by filing at that time (and not before) an answer setting up such exemption. No valid reason was shown why such claim could not have been made at the time of the original hearing. As to the merits of the claim, we express no opinion.

1. TRIAL: reopening case: belated claim.

II. It remains to consider whether the finding of fact by the trial court is fairly sustained by the record. Such finding is to be deemed by us to have the force and effect of a jury verdict. It appears from the evidence that the execution defendant was a foreigner, born in or near the city of Damascus, Syria, and that he arrived as an adult in this country some 20 years ago. In this country, he was married to the intervener 18 years ago, and the fruit of the marriage consists of several children. At the time of the marriage, the intervener had some means, whereas the execution defendant had none. She acquired other means later, through inheritance from her father and otherwise. She bought a little tract of 40 acres, which constitutes the family home, to which she has at all times held the legal title. The execution defendant has been notoriously insolvent for several years. The judgment of plaintiff was obtained several years ago, and was manifestly deemed uncollectible. Other uncollectible judgments were also in existence. The evidence is uncontradicted that the wife's money purchased all that was ever purchased or owned upon the little farm. The intervener testified upon the hearing that she was the owner of all the stock purchased by the garnishees from her husband. Her testimony has the corroboration of the circumstances already narrated. The corroborating effect of these circumstances is all but conclusive. The only testimony offered by the execution plaintiff in denial of her testimony was that of garnishee, Wassom, as to the hogs, and that of Klattenberg as to the heifer. Wassom testified, in substance, that he asked the execution defendant to whom the property belonged, and that the execution defendant

2. GARNISHMENT: intervention: evidence.

answered that it belonged to him. This testimony was admissible only on the theory that it was the statement of a person in possession of personal property, and explanatory of such possession. The circumstance thus testified to, though denied by the defendant, might become of considerable importance upon an issue of fraud or upon an issue of estoppel involving the protection of the purchaser who had parted with the purchase price. This would be especially so in view of the conceded authority of the defendant to sell property of the wife for her benefit, and in effect as her agent. But, in the absence of fraud or estoppel, and upon the naked issue of ownership, as between the real owner and the creditor of an apparent owner, such evidence is very unsubstantial, and entitled to little weight, as against definite and direct evidence corroborated as in this case. We are very reluctant to reverse the trial court upon a finding of facts. But we are unable to lend our sanction to this finding, in view of the very substantial character of the evidence sustaining the ownership of the intervener. In so characterizing this evidence, we lay special stress upon the corroborating circumstances which are undisputed and are evidently undeniable. These do not depend for their weight upon the veracity of the intervener as a witness. If the case turned upon a mere question of veracity, a different situation would be presented.

As to the ownership of the heifer, Klattenberg testified that the intervener herself told him that her husband owned the heifer. Though the intervener denied that she had ever made such statement to Klattenberg, this only presented an issue of veracity. Though, upon the record before us, the evidence of Klattenberg on this question impresses us as improbable, yet the question of the veracity of the two conflicting witnesses was one peculiarly for the trial court.

It is our conclusion that, as to the item of the purchase money for the hogs, the judgment below must be reversed; and as to the item of the purchase money for the heifer, it will be affirmed. The costs of both courts will be taxed, two thirds to the execution plaintiff, appellee, and one third to the intervener, appellant.—*Reversed in part; affirmed in part.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.